# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 77

Aaron L. Cockfield,                                    Plaintiff and Appellant

v.

City of Fargo,                                    Defendant and Appellee

No. 20180336

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Leo F. J. Wilking, Fargo, ND, for plaintiff and appellant.

Howard D. Swanson, Grand Forks, ND, for defendant and appellee.

**Cockfield v. City of Fargo**

**No. 20180336**

**Jensen, Justice.**

[¶1]    Aaron Cockfield appeals from a judgment dismissing his petition for a writ of mandamus seeking to compel the City of Fargo to reinstate Cockfield as an employee. Cockfield argues the district court erred in deciding the City did not violate his constitutional due process rights when it terminated his employment.  We affirm.

I

[¶2]    Cockfield was employed by the City's Solid Waste Department. On July 28, 2017, Cockfield was asked to perform a specific task within the scope of his employment.  Cockfield refused to perform the requested work.  Cockfield's acting route supervisor, Shawn Eckre, approached Cockfield to talk about the refusal to perform the requested work.  Cockfield was seated when Eckre approached, Cockfield stood up and pushed Eckre, and the push caused Eckre to fall against a wall.

[¶3]    Terry Ludlum, director of solid waste operations, conducted an investigation about the incident and obtained written statements from several employees, including Cockfield.  On August 22, 2017, Ludlum, the human resources director, and the route supervisor met with Cockfield about the July incident.  Cockfield was informed that the meeting was to review his conduct during the July incident, and he was advised that his conduct violated the City's policy, including the workplace violence policy. Cockfield was informed that Ludlum had interviewed city employees and obtained statements from some employees.  During the meeting, Cockfield was not advised which employees had been interviewed, he was not provided with or shown copies of the written statements, and he was not informed about the content of the written statements.  Cockfield was given an opportunity to provide an explanation of the incident.  Cockfield did not deny refusing to perform the requested work, and he

1

admitted he had pushed Eckre. At the conclusion of the meeting, Ludlum advised Cockfield the City was terminating his employment. Cockfield was told the reason for his termination, and he was provided with written notice of the termination.

[¶4] Cockfield appealed the termination decision to the Fargo Civil Service Commission. Prior to the hearing, Cockfield was provided with the City employees' written statements. He was also provided with copies of the other documents the City introduced as evidence at the hearing. The Fargo Civil Service Commission upheld the termination.

[¶5] Cockfield appealed the determination of the Civil Service Commission to the Fargo City Commission. Following a hearing, the City Commission upheld the termination.

[¶6] Cockfield filed a petition for a writ of mandamus with the district court, alleging his due process rights had been violated during the termination process. The petition sought to compel the City to reinstate him as an employee. The district court dismissed Cockfield's claims, concluding Cockfield's due process rights were not violated. The court determined Cockfield's pre-termination due process rights were not violated because he received notice, a hearing, an explanation of the evidence, and an opportunity to respond. The court also concluded Cockfield's post-termination due process rights had been satisfied.

II

[¶7] Cockfield argues the district court abused its discretion by denying his request for a writ of mandamus and concluding the City provided him with adequate due process when his employment was terminated. Cockfield seeks a writ of mandamus to compel his reinstatement as an employee as a remedy for the alleged due process violations.

[¶8] A writ of mandamus may be issued to "compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or

2

to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is precluded unlawfully by such inferior tribunal, corporation, board, or person." N.D.C.C. § 32-34-01. The district court has discretion in deciding whether to issue a writ of mandamus, and the court's decision will not be overturned on appeal absent an abuse of discretion. *Little v. Stark Cty. Sheriff*, 2018 ND 22, ¶¶ 8-9, 906 N.W.2d 333. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or capricious manner, or if it misapplies or misinterprets the law." *Dickinson Educ. Ass'n v. Dickinson Pub. Sch. Dist.*, 2014 ND 157, ¶ 9, 849 N.W.2d 615.

[¶9] Due process claims require a two-step analysis; the plaintiff must show that the state deprived him of some life, liberty, or property interest and that the state's deprivation of that interest was done without due process. *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 902 (8th Cir. 2000); *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). A public employee may have a property right in continued employment and may not be discharged from his job without due process. *Riggins v. Bd. of Regents of Univ. of Neb.*, 790 F.2d 707, 710 (8th Cir. 1986). Cockfield asserts he has a property right in his continued employment through Chapter 7 of the Fargo Municipal Code (Civil Service), and the City agrees that Cockfield could not be terminated from his job without due process.

[¶10] Due process in the context of a public employee's continued employment requires that the public employee have notice and an opportunity to be heard before termination of the employment. *Loudermill*, 470 U.S. at 542. Due process requirements are met when the employee is provided with appropriate pre-termination and post-termination proceedings. *Smutka v. City of Hutchinson*, 451 F.3d 522, 526 (8th Cir. 2006).

A

[¶11] Cockfield argues the district court abused its discretion by concluding he was provided with adequate pre-termination due process. He contends the City did not provide adequate due process because he was not given the names of the city employees who made allegations against him nor was he given the specific nature and factual basis for their charges. He also claims he was not provided with any documentary evidence before his employment was terminated and he was not given an adequate oral explanation of the relevant evidence.

[¶12] The pre-termination hearing does not need to be elaborate, and something less than a full evidentiary hearing is sufficient prior to termination. *Loudermill*, 470 U.S. at 545. The pre-termination hearing serves as an initial check against mistaken decisions and is a determination whether there are reasonable grounds to believe the charges are true and support the proposed action. *Id.* at 545-46. "The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546; *see also Berdahl v. N.D. State Pers. Bd.*, 447 N.W.2d 300, 305 (N.D. 1989). An explanation of the employer's evidence is sufficient if it permits the employee to identify the conduct giving rise to the termination and to enable the employee to respond, but the employer is not required to provide detailed copies of all evidence to the employee or to disclose every piece of relevant evidence to the employee prior to termination. *See Linton v. Frederick Cty. Bd. of Cty. Comm'rs,* 964 F.2d 1436, 1440 (4th Cir. 1992); *Leftwich v. Bevilacqua*, 635 F. Supp. 238, 241 (W.D. Va. 1986); *see also Berdahl*, at 306 (stating employee was not denied due process when he received pre-termination notice, "a summary of the evidence against him," an opportunity to respond, and a full post-termination hearing). The employer is not required to provide all the details of the charges against the employee. *Larson v. City of Fergus Falls*, 229 F.3d 692, 697 (8th Cir. 2000). Due process does not require that the pre-termination hearing occur before the employer decides to terminate; it only

4

requires an opportunity to be heard prior to the termination of benefits. *Sutton v. Bailey*, 702 F.3d 444, 448 (8th Cir. 2012).

[¶13] The parties agree Cockfield met with Ludlum, the human resources director, and the route supervisor to discuss the July 28, 2017 incident on August 22, 2017. Cockfield was informed the meeting was about the July 28, 2017 incident. At the meeting, Cockfield was informed that his refusal to perform work within the scope of his employment violated city policy 300-005 and that his physical conduct toward Eckre constituted an assault which violated city policy 400-009. Cockfield was told Ludlum had interviewed some employees. Cockfield was also given the opportunity to provide his explanation of the incident and indicated that he disagreed with Ludlum's understanding of the incident. Cockfield did not deny refusing to perform the requested work task and he admitted he pushed Eckre. As part of the August 22, 2017 meeting, Cockfield was informed of the reasons for termination of his employment and he was provided with written notice of termination.

[¶14] A transcript of the August 22, 2017 meeting was attached to the parties' stipulated facts. During the meeting, Cockfield was informed Eckre had given a statement about the incident. He was also told Mark Steffens, who was in the room at the time of the incident, had given a statement. Cockfield admitted he pushed Eckre. The termination letter provided to Cockfield at the meeting advised Cockfield why his employment was terminated, stating:

> Your employment with the City of Fargo is terminated today, August 22, 2017 because of the incidents that occurred on July 28, 2017. You refused a work directive from an acting supervisor without sufficient cause. When the acting supervisor inquired why you refused, you escalated the situation resulting in an assaultive physical altercation. Specifically, you shoved Shawn Eckre. Your conduct violated City of Fargo Employment Policy 300-005 Conduct/Ethics by failing to follow a work directive and further violated City of Fargo Policy 400-009 Workplace Violence by engaging in abusive and violent behavior. After a full and complete investigation, I find that your conduct violates

5

such policies. Therefore, your assault of the acting supervisor is grounds for immediate termination.

[¶15] Cockfield was given notice of the charges against him, a summary of the employer's evidence, and an opportunity to present his side of the story. The district court's determination that Cockfield was provided with adequate pre-termination due process was not arbitrary, unreasonable, or capricious and, the court did not misapply or misinterpret the law. Therefore, the court did not abuse its discretion in its determination that Cockfield's due process rights were not violated by the pre-termination process.

## B

[¶16] Cockfield argues the district court abused its discretion in deciding he was provided with adequate post-termination due process. He argues he should have been allowed to subpoena Steffens to appear before the Civil Service Commission, and he should have been able to cross-examine Eckre and other witnesses, but procedures for hearings before the Civil Service Commission and the City Commission prohibited him from issuing subpoenas or cross-examining witnesses. He claims he was not given actual notice of the reasons for termination, and he was not given a reasonable opportunity to present testimony in his own defense because he was not allowed to subpoena or cross-examine witnesses.

[¶17] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The Eighth Circuit has held due process and a meaningful opportunity to be heard in public employee termination proceedings requires:

> 1) clear and actual notice of the reasons for termination in sufficient detail to enable him or her to present evidence relating to them;
> 2) notice of both the names of those who have made allegations against the [employee] and the specific nature and factual basis for the charges;

6

3) a reasonable time and opportunity to present testimony in his or her own defense; and

4) a hearing before an impartial board or tribunal.

*Riggins*, 790 F.2d at 712.

[¶18] The first requirement was satisfied because Cockfield had clear and actual notice of the reasons for termination in sufficient detail to enable him to present evidence responsive to the reasons for his termination. The second requirement was satisfied because he received written notice of his termination specifying the reasons his employment was being terminated, and he received copies of the witnesses' statements before the post-termination hearing. The fourth requirement was also satisfied; Cockfield has not asserted that the Civil Service Commission and the City Commission were not impartial boards or tribunals.

[¶19] Cockfield argues the third requirement was not satisfied because he was not provided with a reasonable time and opportunity to present testimony in his own defense. He claims the hearing procedures are inadequate because they do not allow the parties or their representatives to cross-examine witnesses and there is not a process for issuing a subpoena.

[¶20] "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Federal courts have held the opportunity to cross-examine or confront witnesses is not always required in post-termination proceedings. *Riggins*, 790 F.2d at 712; *see also Flath v. Garrison Pub. Sch. Dist. No. 51*, 82 F.3d 244, 247 (8th Cir. 1996); *Meder v. City of Oklahoma City*, 869 F.2d 553, 554-55 (10th Cir. 1989) (abrogated on other grounds).

[¶21] In *Riggins*, 790 F.2d at 711, the employee argued the employer's grievance procedure was constitutionally insufficient because it did not provide her with an opportunity to confront or cross-examine witnesses. The grievance procedure included three steps, and in the final step a grievance committee composed of

7

members from the three major types of staff considered evidence from both sides. *Id.* at 709. The procedure allowed the grievant employee to have a lawyer, to look at all material in their personnel files, and to present witnesses on their own behalf. *Id.* The court held the employee would have received all the process she was due if she had availed herself of the employer's grievance procedure. *Id.* at 712.

[¶22] We agree that post-termination procedure is not inadequate simply because it does not grant the employee an opportunity to confront or cross-examine witnesses. In this case, Cockfield appealed Ludlum's decision to terminate his employment to the Fargo Civil Service Commission and a hearing was held pursuant to the City of Fargo Civil Service Commission Disciplinary Action Appeal Hearing Procedures. Cockfield also appealed the Civil Service Commission's decision to the Fargo City Commission, which held a hearing according to the same procedures. Cockfield was represented by counsel during both hearings. He was allowed to present witnesses to testify, to question those witnesses, and to submit documentary evidence. He also had an opportunity to present statements before and after the witnesses testified and were questioned by the Commissions. He had multiple hearings before impartial commissions and had an opportunity to present testimony in his own defense at both post-termination hearings. Cockfield admitted that he disobeyed a direct order of a supervisor by refusing to perform requested work and that he pushed Eckre "pretty hard" and Eckre fell against a wall, but he claimed he acted in self-defense. He was offered several opportunities to present a defense and to present evidence. Cockfield received all of the protections listed in *Riggins* and due process under these circumstances does not require more.

[¶23] The district court's determination that Cockfield was provided with adequate post-termination due process was not arbitrary, unreasonable, or capricious, and the court did not misapply or misinterpret the law. Therefore, the court did not abuse its discretion in its determination that Cockfield's due process rights were not violated by the post-termination process.

[¶24]  Cockfield's due process rights were not violated in either the pre-termination or post- termination proceedings.  We affirm the district court's judgment dismissing Cockfield's request for a writ of mandamus.

[¶25]  Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.