# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 92

ND Indoor RV Park, LLC,              Plaintiff and Appellee

v.

State of North Dakota,
by and through North Dakota
Department of Health, and Office
of the Attorney General State Fire
Marshal, and Julie Wagendorf, individually,
and Douglas Nelson individually,        Defendants and Appellants

### No. 20240293

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

WRIT OF SUPERVISION GRANTED.

Opinion of the Court by Jensen, Chief Justice.

Matthew D. Kirschenmann, Fargo, ND, for plaintiff and appellee.

Jane G. Sportiello (argued) and Courtney R. Titus (appeared), Assistant Attorneys General, Bismarck, ND, for defendants and appellants.

**Jensen, Chief Justice.**

[¶1] The State of North Dakota, by and through the North Dakota Department of Health, the Office of the Attorney General, the State Fire Marshal, Julie Wagendorf, individually, and Douglas Nelson, individually [hereinafter collectively referred to as the State], appeal from, or in the alternative request a writ of supervision of, the district court's denial of a motion for summary judgment. The State asserts the court erred in denying summary judgment on ND Indoor RV Park, LLC's [hereinafter collectively referred to as the Park] due process claims against Wagendorf and Nelson because they are entitled to qualified immunity. The State also asserts the court erred in denying summary judgment on the Park's takings claims because the court lacked subject matter jurisdiction. We grant the writ of supervision to resolve the issues of qualified immunity and subject matter jurisdiction. We direct the district court to dismiss counts II and III because Wagendorf and Nelson are entitled to qualified immunity, and to dismiss counts I and IV for lack of subject matter jurisdiction.

I

[¶2] In June 2020, the Department of Health inspected the Park pursuant to N.D.C.C. § 23-10-04. The inspection identified a number of health, safety, and fire code violations under N.D.C.C. § 23-10-07, which were set out in an inspection report issued by Nelson, the State Fire Marshal. Wagendorf, an employee of the Department of Health, informed the Park that its 2020 operating license would be revoked pursuant to and in accordance with N.D.C.C. § 23-10-12 unless the Park fixed the code violations. The Park notified the Department of Health that it did not intend to fix the violations which triggered the Department of Health to begin the license revocation process. The Park also requested a renewal of its license for 2021.

[¶3] In February 2021, the Department of Health served an administrative complaint which initiated proceedings to revoke the Park's 2020 operating

1

license for failure to comply with the State's codes. A hearing was requested to be held before an administrative law judge.

[¶4] In March 2021, the Department of Health notified the Park that it would not renew its 2021 operating license pursuant to and in accordance with N.D.C.C. § 23-10-12 because of the existing code violations. The Park was informed of its rights to request a hearing on the nonrenewal decision. In the meantime, the Park was allowed to operate until the hearing proceedings were final.

[¶5] In April 2021, the Park filed an administrative complaint and request for a hearing on the decision to not renew its 2021 operating license. In May 2021, the revocation proceedings for the 2020 operating license were dismissed for mootness because it addressed the same issues as the 2021 license renewal issue.

[¶6] A hearing was set for September 2021 during which the parties were "to present evidence in the form of exhibits and testimony relevant to whether the Department's determination that ND Indoor RV Park LLC is ineligible for a renewal of its license was proper." However, before the hearing in August 2021, the Park filed a "Notice of Withdrawal of Request for Hearing." The Department of Health dismissed the renewal application and closed the case with prejudice. The Park later sold its property to a neighboring landowner.

[¶7] In February 2022, the Park filed a complaint against the State alleging a regulatory taking, deprivation of substantive due process, deprivation of procedural due process, inverse condemnation, unlawful interference with business relationships, systemic violation of due process, and estoppel. The State filed a motion for judgment on the pleadings, claiming qualified immunity on the due process claims against Wagendorf and Nelson along with a "lack of exhaustion and final agency action on the takings claims." The district court denied the State's motion for judgment on the pleadings and "converted" it into a summary judgment motion.

[¶8] In its motion for summary judgment, the State, once again, claimed qualified immunity on behalf of Wagendorf and Nelson along with "the lack of exhaustion and final agency action on the takings claims." In August 2024, the district court denied summary judgment on counts I through IV, the takings and

due process claims, but granted summary judgment on count V, unlawful interference with business relationships. The trial was bifurcated. Counts VI and VII, systemic violation of due process and estoppel, were dismissed via stipulation between the parties.

II

[¶9]   Before addressing the merits of the appeal, we must determine whether this Court has appellate jurisdiction. Section 28-27-02, N.D.C.C., provides that the following orders are appealable:

> 1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;
> 2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;
> 3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction . . .;
> 4. An order which grants or refuses a new trial or which sustains a demurrer;
> 5. An order which involves the merits of an action or some part thereof;
> 6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or
> 7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

[¶10] The State challenges the district court's denial of its summary judgment motion because Wagendorf and Nelson are entitled to qualified immunity on counts II and III, which allege violations of substantive and procedural due process rights. The State further challenges the denial of its motion for summary judgment on counts I and IV for lack of subject matter jurisdiction, which allege

3

a regulatory taking in violation of U.S. Const. Amend. V and XIV, and inverse condemnation.

[¶11] In *Klindtworth v. Burkett*, this Court explained that "[a] denial of a motion for summary judgment does not in effect determine the action preventing a judgment from which an appeal might be taken, nor does it finally determine the merits or some part thereof. Therefore, the order is not appealable under section 28-27-02, N.D.C.C." 477 N.W.2d 176, 182 (N.D. 1991); *see Pinks v. Kelsch*, 2024 ND 15, ¶ 6, 2 N.W.3d 703 ("Under Section 28-27-02[,] an order denying a motion for summary judgment is not appealable." (quoting *Gillan v. Saffel*, 395 N.W.2d 148, 149 (N.D. 1986))). Such orders are "merely interlocutory and, leaving the case pending for trial, it decides nothing except that the parties may proceed with the case." *Jordet v. Jordet*, 2015 ND 73, ¶ 19, 861 N.W.2d 154 (quoting *Berg v. Dakota Boys Ranch Ass'n*, 2001 ND 122, ¶ 9, 629 N.W.2d 563). Interlocutory orders are not appealable. *Id.* ¶ 20.

[¶12] We conclude the order denying the State's motion for summary judgment is not appealable.

III

[¶13] In the alternative to a direct appeal, the State petitioned this Court to exercise its supervisory jurisdiction to direct dismissal of counts I through IV of the complaint. The State asserts that the district court erred in denying its motion for summary judgment because Wagendorf and Nelson are entitled to qualified immunity on counts II and III, and the court lacked subject matter jurisdiction on counts I and IV. Counts II and III allege substantive and procedural due process violations. Counts I and IV allege a regulatory taking and inverse condemnation.

[¶14] "This court's authority to issue supervisory writs is derived from Art. VI, § 2, N.D. Const., which vests this court with appellate and original jurisdiction 'with authority to issue, hear, and determine such original and remedial writs as may be necessary to properly exercise its jurisdiction.'" *State v. Hagerty*, 1998 ND 122, ¶ 6, 580 N.W.2d 139 (quoting *Traynor v. Leclerc*, 1997 ND 47, ¶ 6, 561 N.W.2d 644). However, this Court exercises its discretionary authority to issue

4

supervisory writs "rarely and cautiously" and only in cases when "no adequate alternative remedy exists." *Id.* (quoting *Trinity Med. Ctr., Inc. v. Holum*, 544 N.W.2d 148, 151 (N.D. 1996); *Comm'n on Med. Competency v. Racek*, 527 N.W.2d 262, 264 (N.D. 1995)). This Court "generally will not exercise supervisory jurisdiction where the proper remedy is an appeal[.]" *Forum Commc'ns Co. v. Paulson*, 2008 ND 140, ¶ 8, 752 N.W.2d 177 (cleaned up). The exercise of this Court's supervisory jurisdiction is warranted "if a district court's decision contradicts North Dakota statutes and precedent," or when "matters of important public interest are presented." *City of Mandan v. Strata Corp.*, 2012 ND 173, ¶ 10, 819 N.W.2d 557; *Sauvageau v. Bailey*, 2022 ND 86, ¶ 7, 973 N.W.2d 207 (quoting *Wilkinson v. Bd. of Univ.*, 2020 ND 179, ¶ 17, 947 N.W.2d 910).

[¶15] Qualified immunity is "immunity from suit rather than a mere defense to liability." *Wishnatsky v. Bergquist*, 550 N.W.2d 394, 400 (N.D. 1996) (cleaned up). It is "an entitlement not to stand trial or face the other burdens of litigation, and it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 401. "Because qualified immunity is an immunity from suit rather than a mere defense to liability, the United States Supreme Court has repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Id.* at 400 (cleaned up). If the State's argument prevails, Wagendorf and Nelson are entitled to qualified immunity from counts II and III, the alleged substantive and procedural due process violations, yet they would need to fully litigate those claims before final adjudication of the immunity question. *E.g., State v. Haskell*, 2017 ND 252, ¶ 8, 902 N.W.2d 772. We conclude this is an appropriate situation for us to exercise supervisory jurisdiction.

[¶16] Having concluded the review of the qualified immunity issue is appropriate, we conclude that review of the assertion the district court lacks subject matter jurisdiction over counts I and IV is also appropriate for supervisory review.

IV

[¶17] The question of qualified immunity "inherently arises" when a federal § 1983 claim is raised in a North Dakota state district court. *Klindtworth*, 477

5

N.W.2d at 179-80. This Court must protect the federal right to qualified immunity: "[T]he Supremacy Clause imposes on state courts a constitutional duty to proceed in such a manner that all the substantial rights of the parties under controlling federal law [are] protected." *Id*. at 181 (cleaned up). "The primary purpose for qualified immunity is to protect public officials from undue interference with their duties and from potentially disabling threats of liability" when they "reasonably exercise authority and discretion while performing their duties in the public interest." *Wishnatsky*, 550 N.W.2d at 400; *see Livingood v. Meece*, 477 N.W.2d 183, 192 (N.D. 1991). "If the challenged actions are ones a reasonable officer could have believed were lawful, the claims should be dismissed before discovery and on summary judgment, if possible." *Wishnatsky*, at 401.

[¶18] Wagendorf and Nelson are protected by qualified immunity unless the Park "pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

> A constitutional right is "clearly established" if the "contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent."

*Livingood*, 477 N.W.2d at 192 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "Controlling authority" or a "robust consensus of cases of persuasive authority" must be set forth to establish particular conduct violates the constitution. *Ashcroft*, at 741-42 (cleaned up). Qualified immunity is a question of law for a court to decide, which is reviewed de novo. *Perry Ctr., Inc. v. Heitkamp*, 1998 ND 78, ¶ 39, 576 N.W.2d 505; *State v. Thesing*, 2024 ND 219, ¶ 6, 14 N.W.3d 574.

[¶19] In counts II and III of the complaint, Wagendorf and Nelson are alleged to have deprived the Park of its property interest in an operating license without the substantive and procedural due process afforded under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

A

[¶20] Count II alleges a substantive due process violation. To prove a substantive due process violation, the Park "must establish a constitutionally protected property interest and that state officials used their power in such an arbitrary and oppressive way that it shocks the conscience." *Entergy, Ark., Inc. v. Nebraska*, 241 F.3d 979, 991 (8th Cir. 2001) (cleaned up). The Park must show "more than that the government decision was arbitrary, capricious, or in violation of state law." *Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017) (quoting *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992)). "[T]he allegations must demonstrate, in part, a 'truly irrational' governmental action, such as 'attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet.'" *Id.* (quoting *Chesterfield Dev. Corp.*, at 1104). Substantive due process violations are "reserved for truly egregious and extraordinary cases." *Id.* (quoting *Chesterfield Dev. Corp.*, at 1105). Such violations "must be so abusive as to be 'offensive to human dignity.'" *Id.* (quoting *New v. City of Minneapolis*, 792 F.2d 724, 726 (8th Cir. 1986)).

[¶21] The Park alleged Wagendorf and Nelson did not comply with N.D.C.C. ch. 23-10 in their actions regarding the Park's license imposed unnecessary conditions on the Park, offering the opinion the Park's license was not eligible for renewal, refusing to renew the Park's license, conducting an unauthorized fire safety inspection, and attempting to enforce the Fire Marshall's abandoned abatement order. The alleged noncompliance, if true, does not present a genuine issue of material fact that it was an "arbitrary" use of power that "shocks the conscience." *See Entergy Ark., Inc.*, 241 F.3d at 991. Following our de novo review, we conclude the Park could not prevail on its violation of substantive due process claim.

7

[¶22] Count III alleges a procedural due process violation. To prove a procedural due process violation, the Park must establish that: (1) Wagendorf and Nelson deprived it of some "life, liberty, or property interest" and (2) that the "deprivation of that interest was done without due process." *Matter of Hehn*, 2021 ND 20, ¶ 7, 954 N.W.2d 689 (quoting *Cockfield v. City of Fargo*, 2019 ND 77, ¶ 9, 924 N.W.2d 403). "Procedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *Id.* (cleaned up). Alleged due process violations are evaluated on a case-by-case basis in which the totality of the circumstances must be considered. *Id.*

[¶23] The Park alleged Wagendorf and Nelson "disregarded the sole procedure by which the Park's property interest in an operating license could be revoked thereby depriving the Park of an opportunity to be heard at a meaningful time and in a meaningful manner[.]" The allegation does not present a genuine issue of material fact because the Park was given notice and an opportunity to be heard in regard to both the revocation proceeding of its 2020 license and in the decision of nonrenewal of its 2021 license. *See* N.D.C.C. § 23-10-12. We conclude the Park could not prevail on its violation of procedural due process claim.

[¶24] We conclude that Wagendorf and Nelson are entitled to qualified immunity. The dismissal of counts II and III is appropriate.

V

[¶25] Counts I and IV allege takings claims. Count I alleges a taking under the Fifth Amendment of the United States Constitution, and count IV alleges a state law inverse condemnation claim. In order to consider the merits of either claim, the district court must have subject matter jurisdiction. "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action . . . ." *Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 7, 897 N.W.2d 334 (quoting *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583). The issue of subject matter jurisdiction can be raised at any time and cannot be waived. *Id.* "When jurisdictional facts are not disputed, the issue

of subject matter jurisdiction is a question of law, which we review de novo." *Id*. (quoting *Garaas v. Cass Cnty. Joint Water Res. Dist.*, 2016 ND 148, ¶ 6, 883 N.W.2d 436.).

[¶26] "Dismissal for lack of subject matter jurisdiction is generally appropriate if the plaintiff fails to exhaust administrative remedies, because failure to exhaust those remedies precludes making a claim in court." *Garaas v. Petro-Hunt, L.L.C.*, 2024 ND 34, ¶ 8, 3 N.W.3d 156 (quoting *Cont'l Res., Inc. v. Counce Energy BC #1, LLC*, 2018 ND 10, ¶ 6, 905 N.W.2d 768).

> The purpose of requiring exhaustion of remedies has its basis in the separation of powers doctrine. The requirement preserves agency authority and promotes judicial efficiency. The exhaustion requirement recognizes the agency's initial decision-making responsibility and allows the agency to use its particular expertise in resolving the dispute. Exhaustion encourages administrative decision makers to explain the basis for their decisions and perhaps, most important, provides courts with the benefit of their expertise in such matters in the event of judicial review. The court's review of the matter is aided by the agency's findings, conclusions, and record if the case makes its way into the court system. The requirement for exhaustion is particularly weighty when the agency's decision involves factual issues or administrative expertise.

*Garaas*, ¶ 10 (cleaned up).

[¶27] Whether the requirement of exhaustion applies "depends on a mixed bundle of considerations, 'including, but not limited to, expertise of administrative bodies, statutory interpretation, pure questions of law, constitutional issues, discretionary authority of the courts, primary, concurrent, or exclusive jurisdiction, inadequacies of administrative bodies, etc.'" *Kadlec v. Greendale Twp. Bd. of Twp. Supervisors*, 1998 ND 165, ¶ 25, 583 N.W.2d 817 (quoting *Shark Bros., Inc. v. Cass Cnty.*, 256 N.W.2d 701, 705 (N.D. 1977)). Exhaustion is not required if it would be "futile" or "if a case involves only the interpretation of an unambiguous statute[.]" *Id.*

[¶28] In North Dakota, a license from the Department of Health is required to legally operate a "mobile home park, recreational vehicle park, or

campground[.]" N.D.C.C. § 23-10-03(1). Upon an application for an operating license, the Department of Health is required to exercise its discretion to determine from both the application and inspection that the proposed park "will not be a source of danger to the health and safety of the occupants or the general public[.]" N.D.C.C. § 23-10-04. If approved, a license is issued for a one-year term and may be renewed upon expiration. N.D.C.C. § 23-10-06.1.

[¶29] The Department of Health may initiate revocation proceedings or deny an application upon failure to comply with N.D.C.C. ch. 23-10. N.D.C.C. § 23-10-12(1). However, "[b]efore the department takes disciplinary action against a license, the department shall notify the licensee in writing of the reason disciplinary action is being considered and shall provide a reasonable amount of time for correction to be made." N.D.C.C. § 23-10-12(2). Upon the initiation of a revocation proceeding or a decision to not renew a license, a party has a right to request a hearing under N.D.C.C. ch. 28-32, and can also demand appointment of an administrative law judge under N.D.C.C. § 54-57-03. The administrative law judge "shall issue recommended findings of fact and conclusions of law" which are to be considered final "unless specifically amended or rejected by the agency head." N.D.C.C. § 28-32-39(3).

[¶30] The Park received notice of its right to a hearing and requested a hearing. Instead of continuing with the hearing where a final agency decision would have been issued, the Park voluntarily withdrew its hearing request. Because the Park failed to exhaust its administrative remedies, we conclude the district court does not have subject matter jurisdiction. The dismissal of counts I and IV is appropriate.

[¶31] The Park contends that continuing with the hearing would have been futile. However, the mere "belief" that pursuing further administrative review would have been "futile" is not a recognized exception, nor is the exception of "futility" applicable here. As in *Schuck v. Montefiore Pub. Sch. Dist. No. 1*, "this is just the kind of case that requires exhaustion of administrative remedies because of the need to resolve the issues at the earliest instance and to give the [Department of Health] the opportunity to eliminate or mitigate damages." 2001 ND 93, ¶ 16, 626 N.W.2d 698; *see, e.g., Long v. Samson*, 1997 ND 174, ¶ 13, 568

10

N.W.2d 602; *Tracy v. Cent. Cass Pub. Sch. Dist.*, 1998 ND 12, ¶¶ 13-15, 574 N.W.2d 781.

## VI

[¶32] For the reasons stated above, we grant the writ of supervision to resolve the issues of qualified immunity and subject matter jurisdiction. We direct the district court to dismiss counts II and III because Wagendorf and Nelson are entitled to qualified immunity, and to dismiss counts I and IV for lack of subject matter jurisdiction.

[¶33]  Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr