# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 73

State of North Dakota,                                    Plaintiff and Appellee

v.

Jasmine Ellen Nice,                                      Defendant and Appellant

No. 20180350

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Yancy B. Cottrill, Bismarck, ND, for defendant and appellant.

Paul R. Emerson, Assistant Attorney General, Bismarck, ND, for amicus curiae Office of Attorney General.

**VandeWalle, Chief Justice.**

[¶1]    Jasmine Ellen Nice appealed from a district court judgment entered on her conditional plea of guilty to driving under the influence-refusal-first offense in violation of N.D.C.C. § 39-08-01(1)(e)(2) pending an appeal of the court's order denying her motion to dismiss. Nice argues N.D.C.C. § 39-08-01(1)(e) is unconstitutional, the deputy violated her due process rights when he read her the implied consent advisory multiple times, and the State's failure to execute the search warrant should result in dismissal of the refusal charge. Because Nice refused to take a urine test after a search warrant was secured, we affirm the judgment.

I

[¶2]    On April 25, 2018, a deputy stopped a vehicle driving without tail lights. The driver, Nice, admitted smoking marijuana earlier in the day. Nice consented to field sobriety testing and a preliminary breath test. After completing the tests, the deputy read Nice the implied consent advisory and stated the test would be for urine. The advisory included the criminal penalties for refusing a breath or urine test. Nice consented to the test. The deputy read Nice her *Miranda* rights and arrested her for driving under the influence of drugs. After some discussion with Nice, the officer re-read her the implied consent advisory including criminal penalties. Nice declined to take the test. Another officer then informed the deputy he needed a warrant for a urine test. Other officers transported Nice to jail and the deputy obtained a search warrant. At the jail, the deputy informed Nice he had a warrant for a urine test and read the implied consent advisory for urine from the search warrant. Nice refused to provide a urine sample.

[¶3]    After she refused to comply with the warrant, the State charged Nice with driving under the influence-refusal-first offense, a class B misdemeanor. Nice filed

a motion to dismiss on June 21, 2018. The district court issued an order denying the motion to dismiss. Nice entered a conditional plea of guilty on September 7, 2018.

II

[¶4]    Nice argues the district court erred in denying her motion to dismiss because N.D.C.C. § 39-08-01(1)(e) is unconstitutional, Nice's due process rights were violated by the deputy reading her the implied consent advisory multiple times, and the State's failure to execute the search warrant should result in dismissal of the refusal charge. The State and the Attorney General allege Nice cannot challenge the constitutionality of N.D.C.C. § 39-08-01(1)(e) because the State did not charge her with refusing a chemical test, in this case a urine test, until after a warrant was obtained.

[¶5]    This Court will not reverse a trial court's findings of fact in preliminary criminal proceedings, such as a motion to dismiss, if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence. *State v. Thill*, 2005 ND 13, ¶ 6, 691 N.W.2d 230. Our review is limited to only those issues raised in the district court. *State v. Gray*, 2017 ND 108, ¶ 6, 893 N.W.2d 484.

[¶6]    Nice argues N.D.C.C. § 39-08-01(1)(e) is facially unconstitutional because its language is misleading in light of *Birchfield v. North Dakota* and *State v. Helm. See Birchfield*, 136 S.Ct. 2160 (2016); *Helm*, 2017 ND 207, 901 N.W.2d 57. Section 39-08-01(1)(e)(2), N.D.C.C., makes it a crime for an individual to refuse to submit to "[a] chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-20-01." In *Helm*, this Court held urine is treated like blood for DUI purposes and an individual cannot be prosecuted for refusing to submit to a warrantless urine test. 2017 ND 207, at ¶ 16.

2

[¶7]    Here, the State did not charge Nice with refusal of a warrantless urine test. "Generally, a party may only challenge the constitutionality of a statute as applied to that party." *State v. Dvorak*, 2000 ND 6, ¶ 28, 604 N.W.2d 445. Originally, the deputy arrested Nice for DUI. After obtaining a search warrant, the deputy again read Nice the implied consent advisory for a urine test, which Nice refused. At this point, the State charged Nice with refusing to consent to a urine test pursuant to a search warrant. Because the State did not charge Nice with refusing a urine test until after the deputy obtained a warrant, Nice cannot successfully challenge the constitutionality of N.D.C.C. § 39-08-01(1)(e).

III

[¶8]    Nice argues the fact the deputy read her the N.D.C.C. § 39-20-01(3)(a) implied consent advisory three times violated her due process rights. The implied consent advisory Nice received stated refusal of a urine test is a crime punishable in the same manner as a DUI. *See* N.D.C.C. § 39-20-01(3)(a). Two readings of the implied consent advisory occurred prior to the deputy obtaining a search warrant. Nice argues the multiple readings of the advisory misinformed her of her right to refuse a warrantless test and negated her ability to make an informed decision.

[¶9]    When deciding a due process claim, we consider if a constitutionally protected property or liberty interest is at stake and, if so, if minimum procedural due process requirements were met. *State v. Loomer*, 2008 ND 69, ¶ 6, 747 N.W.2d 113. Due process is flexible and must be considered on a case-by-case basis. *Whitecalfe v. N.D. Dep't of Transp.*, 2007 ND 32, ¶ 20, 727 N.W.2d 779. "In all cases, the totality of the circumstances must be considered." *Krueger v. N.D. Dep't of Transp.*, 2018 ND 108, ¶ 19, 910 N.W.2d 850.

[¶10]    We recently stated "[s]ole reliance on multiple recitations of the advisory by the deputy is insufficient to show involuntariness of consent." *Krueger*, 2018 ND 108, ¶ 19, 910 N.W.2d 850. The same is true in cases of refusal. Nice offered no evidence to the district court to show her confusion. She cannot now rely solely on multiple

3

recitations of the implied consent advisory to prove violations of her due process rights.

## IV

[¶11]   Nice argues the refusal charge should be dismissed because the State did not execute the search warrant and obtain a urine sample after her refusal. However, Nice did not adequately brief this issue or provide support for her assertion the State is required to execute a search warrant, especially in light of N.D.C.C. § 39-20-04. We decline to address inadequately briefed issues. *See Daniels v. Ziegler*, 2013 ND 157, ¶ 13, 835 N.W.2d 852; *Smestad v. Harris*, 2011 ND 91, ¶ 5, 796 N.W.2d 662.

## V

[¶12]   We affirm the district court's judgment.

[¶13]   Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen