# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 100

State of North Dakota,                                   Plaintiff and Appellee

    v.

Josiah Edward Dale Koval,                          Defendant and Appellant

## No. 20210356

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joshua J. Traiser, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Elizabeth B. Brainard, Fargo, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Josiah Koval appeals from an amended criminal judgment and denial of his motion to dismiss. Koval entered a conditional guilty plea to violating a protection order. Koval argues the underlying post-disposition order prohibiting contact is illegal. We conclude Koval's arguments are an impermissible collateral attack on the 2019 judgment, and we affirm.

I

[¶2]   In November 2019, Koval pleaded guilty to stalking. A criminal judgment was entered. The criminal judgment referenced Appendix A, outlining the terms of Koval's probation. A separate "Post-Disposition Order Prohibiting Contact" was entered the same day and was signed by Koval. Koval did not appeal from the 2019 judgment.

[¶3]   In November 2020, Koval was charged with violating the 2019 order prohibiting contact pursuant to N.D.C.C. § 12.1-31.2-02(4). Koval filed a motion to dismiss and argued the order prohibiting contact entered in 2019 was illegal and invalid. The district court denied the motion to dismiss, concluding the attack on the 2019 judgment in this case constituted an impermissible collateral attack. Koval entered a conditional guilty plea preserving his right to appeal.

II

[¶4]   In denying Koval's motion to dismiss, the district court relied on *City of Seattle v. May*, 256 P.3d 1161 (Wash. 2011) to conclude Koval's arguments constituted a collateral attack on the underlying 2019 judgment. A collateral attack is "[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective." *Black's Law Dictionary* 318 (10th ed. 2014).

[¶5] In *May*, the Supreme Court of Washington concluded the collateral attack rule precluded the defendant from challenging the validity of a protection order in a prosecution for violating that order. 256 P.3d at 1163. The Court held there was one exception—for orders that are void. *Id*. The Court concluded the order was not void, and "[t]he collateral bar rule therefore prohibits May's challenge to the validity of the underlying protection order." *Id*. at 1165.

[¶6] Other states have agreed with the reasoning of *May* and the collateral attack rule in general. In *Truesdell v. State*, the Supreme Court of Nevada reviewed other states' holdings and discussed:

> Many jurisdictions follow the collateral bar rule, which precludes a party from collaterally attacking a protection order in a later proceeding for violating the order, even to question the constitutionality of the statute that authorized the protection order. *See State v. Chavez*, 123 Ariz. 538, 601 P.2d 301, 302 (Ariz.Ct.App.1979) (indicating that parties could not collaterally attack the constitutionality of an injunction by an appeal from their convictions of criminal contempt for violating that injunction); *State v. Grindling*, 96 Hawai'i 402, 31 P.3d 915, 919 (2001) (concluding that the defendant could not collaterally attack the underlying factual basis of a temporary restraining order in a later criminal proceeding for violating the order); *Wood v. Com.*, 178 S.W.3d 500, 512-13 (Ky. 2005) (concluding that appellant could not collaterally attack the validity of an emergency protective order in a later proceeding for violating that order and this preclusion did not violate appellant's due process rights because a statute allowed appellant to directly challenge the order); *State v. Small*, 150 N.H. 457, 843 A.2d 932, 935 (2004) ("'The general underlying premise [against collateral attacks] is that a person subject to an injunctive order ... should be bound to pursue any objection to the order through the constituted judicial process available for that purpose.'" (quoting *State v. Grondin*, 132 N.H. 194, 563 A.2d 435 (1989))); *City of Seattle v. May*, 171 Wash.2d 847, 256 P.3d 1161, 1163-64 (2011) (concluding that the collateral bar rule prohibited a defendant from challenging the validity of permanent domestic violence order in a later prosecution for

2

violation of that order, unless the defendant could show that the order was void).

304 P.3d 396, 399-400 (2013). The Court also noted other states allow collateral attacks in certain circumstances, mostly dealing with constitutional challenges to some orders. *Id.*

[¶7] We have previously considered the collateral attack rule. In *Lerfald v. Lerfald*, we stated, "A party may not collaterally attack a final decision, that was not appealed, in subsequent proceedings." 2021 ND 150, ¶ 10, 963 N.W.2d 244 (quoting *In re T.H.*, 2012 ND 38, ¶ 20, 812 N.W.2d 373). *See also State v. Mertz*, 514 N.W.2d 662, 666-67 (N.D. 1994).

[¶8] In *State v. Dvorak*, Dvorak argued a 1997 protection order was invalid after he was convicted in 1999 of violating the protection order. 2000 ND 6, ¶ 30, 604 N.W.2d 445. This Court held:

> Dvorak had notice of the protection order, and his argument represents an impermissible collateral attack on the order. *See Interest of R.A.*, 551 N.W.2d 800, 802 (N.D. 1996); *State v. Stuart*, 544 N.W.2d 158, 163 (N.D. 1996); *State v. Mertz*, 514 N.W.2d 662, 666-67 (N.D. 1994). If Dvorak believes the protection order was invalid, his remedy was to have timely appealed that order.

*Dvorak*, at ¶ 31.

[¶9] Koval's arguments are premised entirely on whether or not the order prohibiting contact entered in 2019 was "illegal." Koval has not provided a transcript of the 2019 sentencing proceedings or other sufficient information from the underlying proceedings to conduct a meaningful review of the order. Assuming without deciding whether this Court would recognize an exception to the collateral attack rule when the underlying order is void, and interpreting his assertion the order was "illegal" as an assertion the order was void, we have insufficient information to determine the order was void and the order cannot otherwise be collaterally attacked in this proceeding. We therefore conclude Koval's arguments constitute an improper collateral attack on the 2019 judgment and we affirm.

[¶10] Jon J. Jensen, C.J.

Gerald W. VandeWalle

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte