# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 192

State of North Dakota,                                         Plaintiff and Appellee

v.

Dean Hatzenbuehler,                                      Defendant and Appellant

### No. 20230017

Appeal from the District Court of Stark County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Amanda R. Engelstad, State's Attorney, Dickinson, ND, for plaintiff and appellee; submitted on brief.

Mark C. Sherer, Dickinson, ND, for defendant and appellant; submitted on brief.

# State v. Hatzenbuehler
## No. 20230017

**Jensen, Chief Justice.**

[¶1]   Dean Hatzenbuehler appeals from an order revoking sentencing and judgment imposing a new sentence. He argues the district court's findings of fact on the revocation of his probation were clearly erroneous and the court erred by not adequately considering the statutory sentencing factors. We conclude the court's findings supporting revocation were not clearly erroneous, the court adequately considered the statutory factors, and the court did not abuse its discretion in imposing a sentence upon revocation. We affirm.

I

[¶2]   In August 2022, Hatzenbuehler pled guilty to conspiracy to deliver a controlled substance, a class B felony; delivery of a controlled substance, a class B felony; possession of a controlled substance-methamphetamine, a class A misdemeanor; and possession of drug paraphernalia, a class A misdemeanor. The district court entered an order deferring the imposition of sentence for three years and placed Hatzenbuehler on supervised probation. Hatzenbuehler's supervised probation required him to report to a probation officer, abstain from drugs and alcohol, not possess surveillance equipment, and refrain from violating federal, state, and local laws.

[¶3]   In September 2022, Hatzenbuehler's probation officer petitioned the district court for a revocation of probation alleging four violations: possession of firearms and a muzzleloader; possession of a controlled substance-methamphetamine; possession of surveillance equipment; and attempt to defraud a urine test. A probation revocation hearing was held on October 25, 2022, during which the State dismissed allegation one, possession of the firearms, and Hatzenbuehler admitted to allegation four, attempting to defraud a urine test. He entered a denial for the remaining two allegations.

[¶4]   Hatzenbuehler's probation officer testified officers conducted a search of Hatzenbuehler's residence on September 12, 2022. During the search, officers found a white crystalline substance in the living room concealed within a

Crystal Light box. A test was conducted on the substance using a TruNarc Analyzer resulting in a preliminary positive for methamphetamine. No further testing was conducted. Hatzenbuehler's probation officer further testified on September 12, to his knowledge, no one else was living in Hatzenbuehler's residence other than Hatzenbuehler, but reported another individual located in the backyard.

[¶5]   Following the revocation of probation hearing, the district court found Hatzenbuehler violated the terms of his probation set out in allegations two and three. At the sentencing hearing, the court discussed Hatzenbuehler's possible drug addiction, his prior criminal history, his medical condition, and his mother's health, for whom he is a caretaker. At the conclusion of the hearing, the court resentenced Hatzenbuehler to a term of 10 years of incarceration with 5 years suspended on the conspiracy to deliver a controlled substance, delivery of a controlled substance charge, and 360 days on the misdemeanor charges.

## II

[¶6]   We apply a two-step analysis in reviewing a probation revocation. *State v. Jacobsen*, 2008 ND 52, ¶ 8, 746 N.W.2d 405. "[W]e first review the district court's factual findings under the clearly erroneous standard and then review the court's decision to revoke probation under the abuse-of-discretion standard." *State v. Dockter*, 2019 ND 203, ¶ 11, 932 N.W.2d 98. If an alleged probation violation is contested, the prosecution must establish the violation by a preponderance of the evidence. N.D.R.Crim.P. 32(f)(3)(B). "Findings of fact are adequate if they provide this Court with an understanding of the district court's factual basis used in reaching its determination." *State v. Bergstrom*, 2006 ND 45, ¶ 15, 710 N.W.2d 407. "A finding of fact is clearly erroneous if, although there may be some evidence to support it, the reviewing court on the entire evidence, is left with a definite and firm conviction a mistake has been made." *State v. Ballweg*, 2003 ND 153, ¶ 14, 670 N.W.2d 490 (quoting *State v. Damron*, 1998 ND 71, ¶ 10, 575 N.W.2d 912).

[¶7] Hatzenbuehler contends the district court's finding he possessed methamphetamine was clearly erroneous because his probation officer's

2

testimony merely suggests he possessed methamphetamine as no definitive formal testing was conducted. On review, we will not substitute our judgment for the trial court when there is testimony to support its findings. *State v. Toepke*, 485 N.W.2d 792, 795 (N.D. 1992). Here, the State offered testimony that during a search of Hatzenbuehler's residence, who was on probation for methamphetamine-related offenses, officers found the crystalline substance concealed in a Crystal Light box which resulted in a preliminary positive result for methamphetamine. Although the State conducted no additional testing on the substance, there was still evidence to support the court's finding he possessed methamphetamine. Further, Hatzenbuehler conceded to the other allegations raised by the State, through admitting to attempting to defraud a urine test at the revocation hearing and failing to assert an argument on appeal regarding the allegation he possessed surveillance equipment.

[¶8] There is evidence in the record to support the district court's findings, and after a review of the entire record, we are not left with a definite and firm conviction a mistake has been made. We conclude the court's findings of fact were not clearly erroneous.

III

[¶9] Secondly, we review the district court's determination the violation warranted revocation of probation under an abuse of discretion standard. *See State v. Wardner*, 2006 ND 256, ¶ 26, 725 N.W.2d 215. "A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Clark*, 2001 ND 194, ¶ 8, 636 N.W.2d 660 (quoting *State v. Sisson*, 1997 ND 158, ¶ 7, 567 N.W.2d 839). Hatzenbuehler contends the court abused its discretion in resentencing him because the court did not adequately analyze the statutory sentencing factors set forth in N.D.C.C. § 12.1-32-04.

[¶10] The factors in N.D.C.C. § 12.1-32-04 apply in revocation proceedings. "Although entitled to consideration, the sentencing factors in § 12.1-32-04 do not control the district court's discretion and are not an exclusive list of all a district court may consider in fixing a criminal sentence." *State v. Lyon*, 2020

3

ND 34, ¶ 7, 938 N.W.2d 908. Further, a district court need not explicitly reference the sentencing factors. *Id.*

[¶11] Upon review of the record, we are satisfied the district court adequately weighed the factors outlined in N.D.C.C. § 12.1-32-04 and there is no evidence the court considered any impermissible factors. We conclude the court did not abuse its discretion in revoking Hatzenbuehler's probation.

## IV

[¶12] The district court's findings Hatzenbuehler violated the terms of his probation were not clearly erroneous, as he conceded two of the allegations, and there was sufficient evidence in the record to support the finding he possessed methamphetamine. Additionally, the court did not abuse its discretion in resentencing Hatzenbuehler. Although entitled to consideration in revocation proceedings, a court need not explicitly state the factors outlined in N.D.C.C. § 12.1-32-04 in determining a sentence. We affirm.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr