# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 153

State of North Dakota,                                             Plaintiff and Appellee

    v.

Victoria Brooke Reiswig,                                    Defendant and Appellant

### No. 20240048

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Isaac O. Lees, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Chad R. McCabe, Bismarck, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]    Victoria Reiswig appeals from a district court judgment entered following a N.D.R.Crim.P. 11(a)(2) conditional guilty plea to the charge of corruption of a minor, a class C felony, in violation of N.D.C.C. § 12.1-20-05(2). Reiswig argues the court erred in denying her motion to dismiss based on corpus delicti, asserting the State failed to corroborate her confession to law enforcement and provided no evidence a sexual act occurred as defined by N.D.C.C. § 12.1-20-02(4). We affirm the denial of the motion to dismiss and the judgment.

I

[¶2]    In 2023, Reiswig was charged with corruption of a minor, a class C felony, in violation of N.D.C.C. § 12.1-20-05(2). Reiswig filed a motion to dismiss on the grounds of corpus delicti, arguing the State lacked sufficient evidence to corroborate her confession and there was insufficient evidence of a sexual act having occurred between her and the minor.

[¶3]    A hearing was held on Reiswig's motion to dismiss, during which testimony was provided by an employee of the youth home where the victim had resided ("employee"), the resident of the apartment where the incident occurred ("resident"), a school resource officer ("officer"), and the detective who conducted the interview of Reiswig ("detective"). Additionally, the State provided Reiswig's video interview, an email sent by Reiswig to explain an incident involving the minor, and photos of the victim's car with a female in the passenger seat alleged to be Reiswig.

[¶4]    In the course of the interview, Reiswig elaborated on her relationship with the victim and admitted to the detective, "Well, we did have sex yes." She indicated this occurred at the resident's apartment during Christmas break of 2022, on or about the 22nd of December.

[¶5]    The district court denied the motion, finding Reiswig did not dispute that the confession was voluntary. The court found that during the confession, Reiswig's demeanor appeared to be comfortable and cooperative. The evidence incuded testimony of the resident indicating Reiswig and the victim were present and alone at her apartment at the time when Reiswig stated in the confession the sexual act occurred, testimony from the

employee regarding a romantic phone call between Reiswig and the victim, and testimony of the officer regarding an email sent by Reiswig and facts surrounding an October 2022 reckless driving investigation he conducted. The court's findings included the following: "While it is true that each of these pieces of testimony and evidence, if looked at independently of one another, do not show that a sexual act occurred, the totality of the testimony and evidence fortifies the truth of Reiswig's confession."

[¶6]   Reiswig subsequently entered a N.D.R.Crim.P. 11(a)(2) conditional plea of guilty to corruption of a minor, reserving her ability to appeal the denial of her motion to dismiss.

II

[¶7]   In reviewing a motion to dismiss in a criminal proceeding, this Court's standard of review is the same as that of a motion to suppress. *State v. Kukert*, 2021 ND 192, ¶¶ 10-11, 965 N.W.2d 849. "Our review is limited to only those issues raised in the district court." *State v. Nice*, 2019 ND 73, ¶ 5, 924 N.W.2d 102.

> On appeal, a district court's decision on a motion to suppress will not be reversed if, after conflicting testimony is resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence. We recognize the importance of the district court's opportunity to observe the witnesses and assess their credibility, and we accord great deference to its decision in suppression matters. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*Kukert*, at ¶ 10 (cleaned up). "A finding of fact is clearly erroneous if, although there may be some evidence to support it, the reviewing court on the entire evidence, is left with a definite and firm conviction a mistake has been made." *State v. Hatzenbuehler*, 2023 ND 192, ¶ 6, 996 N.W.2d 649 (quoting *State v. Ballweg*, 2003 ND 153, ¶ 14, 670 N.W.2d 490).

[¶8]   Reiswig argues the district court erred in denying her motion to dismiss based on the corpus delicti doctrine. She asserts the State failed to produce sufficient corroborating evidence of her confession to law enforcement and the only evidence of a crime is her confession.

> "Corpus delicti" means "body of the crime." The state must be able to prove in a crime involving damage to persons or property that the injury for which the accused confessed did occur, and that some person was criminally

2

responsible for it. These two factors comprise the so-called corpus delicti. The general rule is that an accused may not be convicted on his uncorroborated confession. However, the evidence establishing the corpus delicti—independent of the accused's extrajudicial admission—need not be conclusive.

*State v. Jelinek*, 2024 ND 114, ¶ 15 (cleaned up).

[¶9] In *Jelinek*, we clarified we employ a trustworthiness approach when analyzing whether a confession is sufficiently corroborated. 2024 ND 114, ¶ 17.

Where, as here, there is no tangible evidence of the crime confessed, the Government must introduce substantial independent evidence establishing the reliability or trustworthiness of the defendant's statement.

One way in which the Government may establish a confession's trustworthiness is to offer independent evidence that bolsters the accuracy of the confession itself, thereby proving the offense through the statements of the accused. This corroborating evidence need not be sufficient, on its own, to establish the body of the offense beyond a reasonable doubt, or even by a preponderance of the evidence. Rather, corroborative evidence is sufficient if it merely fortifies the truth of the confession without independently establishing the crime charged. The Government thus bears the burden of offering enough evidence in support of the essential facts of a confession to support a jury's inference of their truth. It is required merely that the prosecution produce independent evidence sufficiently supporting the essential admitted facts to justify a jury inference of the truth of the admitted facts or tending to establish the trustworthiness of the confession.

Under this trustworthiness approach to the corroboration rule, the quantity and type of independent evidence necessary to corroborate a confession depends upon the facts of each case. Corroborative facts may be of any kind, so long as they tend to produce confidence in the truth of the confession. Thus, circumstantial evidence may justify a jury's inference that a defendant's statement is true.

*Id.* (cleaned up).

[¶10] Under this approach, the district court looks to a statement made in its entirety and the facts and circumstances in which it was made to determine if it is reliable and trustworthy. This Court then reviews the findings under a clearly erroneous standard.

3

[¶11]   Here, the district court's findings were supported by testimony and evidence offered by the State. The State provided a copy of the video interview between Reiswig and the detective. The video shows Reiswig went to the interview on her own accord, the detective offered her something to drink, and was read her rights. The entire interview lasted a total of 1 hour and 24 minutes.

[¶12]   The State further provided testimony of the resident, who indicated Reiswig and the victim were left alone in the living room of her apartment on December 22, 2022. The time and place testified to by the resident was consistent with the time and place Reiswig, during her interview, indicated the sexual act occurred.

[¶13]   The employee testified the victim referred to Reiswig as his girlfriend. She recounted a romantic phone call she overheard between Reiswig and the victim, during which Reiswig told the victim she missed him, loved him, and would be sending him an article of her clothing to remember her by. Reiswig confirmed this phone call in her interview with law enforcement, admitting to giving the victim a sweater and saying she loved him.

[¶14]   The officer testified to a reckless driving incident involving the victim in October 2022 and his interactions with Reiswig after her name came up in the investigation. He stated she provided an email explanation of the incident, in which she indicated she had picked the victim up at his request that night. Her statement in the email was reiterated during her interview with law enforcement.

[¶15]   The district court correctly applied the law, there is evidence in the record to support the findings, and after a review of the entire record we are not left with a define and firm conviction a mistake has been made. The court's findings that the State sufficiently fortified the truth of Reiswig's confession under the corpus delicti doctrine were not clearly erroneous.

III

[¶16]   We affirm the denial of Reiswig's motion to dismiss and affirm the criminal judgment.

4

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr