# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 167

State of North Dakota,

Plaintiff and Appellee

v.

Tofike Jemal,

Defendant and Appellant

### No. 20250222

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Tiffany M. Sorgen, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee; on brief.

Kiara C. Kraus-Parr, Grand Forks, N.D., for defendant and appellant; on brief.

**State v. Jemal**
**No. 20250222**

**Tufte, Justice.**

[¶1] Tofike Jemal appeals from a district court order revoking his supervised probation and sentencing him to 117 days of incarceration. We affirm the order revoking Jemal's probation.

I

[¶2] Jemal pleaded guilty to disobedience of a judicial order in violation of **N.D.C.C.** § 12.1-10-05(1), a class A misdemeanor. A police officer observed Jemal walking with Jane Doe in violation of a bail order from a separate case that prohibited him from having contact with her. The district court sentenced Jemal to 360 days in jail with credit for five days served, suspended the balance, and placed him on supervised probation for two years.

[¶3] The State later filed a petition to revoke Jemal's supervised probation, alleging nine violations of his probation conditions, including new criminal convictions, alcohol possession or consumption, and controlled substance use. At the revocation hearing, Jemal admitted to seven of the allegations. The district court found sufficient evidence to prove the remaining two allegations. After hearing arguments from both parties, the court revoked Jemal's probation and resentenced him to 117 days in the Ward County Jail, with credit for 30 days, followed by restoration to two years of supervised probation under the same conditions. Jemal timely appealed the revocation order.

II

[¶4] Jemal argues the district court abused its discretion by failing to make a finding of fact explaining its decision to revoke his probation. At the sentencing stage of the revocation hearing, Jemal requested continued probation with alternative sanctions. He argues the court was required to make findings to justify choosing incarceration over the alternative sanctions.

1

[¶5]   We review probation revocation appeals using a two-step analysis. First, this Court reviews the district court's factual findings on whether the defendant violated probation conditions under the clearly erroneous standard. *State v. McAvoy*, 2007 ND 178, ¶¶ 7-8, 741 N.W.2d 198. A finding of fact is clearly erroneous if it is "induced by an erroneous view of the law, when there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence, the court is left with a definite and firm conviction that a mistake has been made." *Id.* ¶ 8. Second, we review whether the court abused its discretion in deciding to revoke probation. *Id.* ¶ 17. A court abuses its discretion when it "acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *State v. Jacobson*, 2008 ND 52, ¶ 8, 746 N.W.2d 405.

[¶6]   District courts possess broad discretion in sentencing decisions, and this Court's review is correspondingly limited. *State v. Wardner*, 2006 ND 256, ¶ 27, 725 N.W.2d 215. This Court reviews only whether the court imposed a sentence within the statutory range and whether the court relied on impermissible factors. *Id*. The same deferential standard applies to both initial sentencing decisions and probation revocation decisions. *See Wardner*, ¶ 27 (applying identical discretionary review to both initial sentencing and probation revocation). Although the court must make findings of fact regarding the alleged violations, it need only state its reasons for revoking probation, either in a written order or on the record and reflected in the hearing transcript. *State v. Ennis*, 464 N.W.2d 378, 384-85 (N.D. 1990).

[¶7]   Our review of the revocation hearing transcript reveals that the district court did not abuse its discretion, because it used a rational mental process to come to a reasoned conclusion and did not rely on impermissible factors to impose a sentence within the statutorily-defined limitations. After factual findings in the first-step analysis showing Jemal had violated the conditions of his probation, the court articulated its reasoning for imposing incarceration in the second-step analysis at the revocation hearing:

It's been a constant in that considering that the judgment was entered in what — about the 6th of December. And then by the end of January, the Defendant had a number of convictions, and the items just kind of continued on. One wants to blame alcohol, and alcohol can be a very cunning and powerful device, and it can trick even the best of people. . . .

And that, sir, you are responsible for your actions, . . . .

I do think, though, that [Jemal's] Counsel's minimizing the idea of forced sobriety, and that by way of incarceration. I don't know if it's all that demeaning, or in terms of minimal, in that it can be helpful to help clear one's head, and to be able to prove to oneself that those urges, or even trigger points, to consume alcohol, can be overcome in a bit.

That's what the forced sobriety — if I remember right, the early days of A.A. had forced sobriety, a bit. Well, this is a bit of a variation, but it's also *punishment*, and it's meant to be *deterrence*. And from the standpoint of it's a forced *rehabilitation*, at least for that particular time. . . .

(Emphasis added.)

[¶8] The district court's sentencing decision was within statutory limits and did not rely on impermissible factors. The transcript reveals that the court decided to revoke probation and order Jemal's incarceration on account of his repeated violations of the conditions of his probation, and to achieve the legitimate penological purposes of imposing punishment, deterring future criminal acts, and providing rehabilitation through a period of sobriety. *See* N.D.C.C. § 12.1-01-02(1) (identifying merited punishment, deterrence of crime, rehabilitation, and incapacitation as objectives of the North Dakota Criminal Code). The underlying sentence was for a class A misdemeanor, and the sentence of 117 days did not exceed the 360-day maximum. N.D.C.C. § 12.1-32-01(5). The transcript does not reveal any reliance on impermissible factors and demonstrates "a rational mental process leading to a reasoned determination." *Jacobson*, 2008 ND 52, ¶ 8.

[¶9] Contrary to Jemal's argument, our precedent does not require district courts to make separate factual findings at the second step of the revocation

3

analysis. *See Wardner*, 2006 ND 256, ¶ 27; *see Ennis*, 464 N.W.2d at 386. We decline to add such a requirement here. The court may rely on its step-one findings regarding probation violations when deciding whether revocation is warranted. *Wardner*, ¶ 27; *Ennis*, at 386. We find no support for Jemal's claim that a finding of fact is necessary when the defendant requests consideration of sanctions short of incarceration. We conclude the court did not abuse its discretion or otherwise err when it revoked Jemal's probation and ordered his incarceration.

## III

[¶10] In his brief, Jemal also challenges the underlying conviction for disobedience of a judicial order, arguing that the district court violated Rule 11 of the North Dakota Rules of Criminal Procedure in accepting Jemal's guilty plea. Jemal did not appeal from that judgment. A notice of appeal must designate the order or judgment to be appealed. N.D.R.App.P. 3(c)(2). A party may not challenge an order not designated in the notice of appeal. *Glaum v. State*, 2024 ND 86, ¶ 23, 6 N.W.3d 603. Accordingly, we decline to consider Jemal's argument disputing the earlier conviction.

## IV

[¶11] The district court did not abuse its discretion in revoking Jemal's probation and sentencing him to 117 days' incarceration. We affirm the order revoking probation.

[¶12] Jon J. Jensen, C.J.
 Daniel J. Crothers
 Lisa Fair McEvers
 Jerod E. Tufte
 Douglas A. Bahr