# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2025 ND 188

---

State of North Dakota,                                        Plaintiff and Appellee

    v.

Joseph Frederick Miller,                                      Defendant and Appellant

---

## Nos. 20250174 & 20250175

---

Appeal from the District Court of Nelson County, Northeast Central Judicial District, the Honorable Theodore Sandberg, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Joshua E. Frey, State's Attorney, Lakota, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**McEvers, Justice.**

[¶1]   Joseph Miller appeals from district court orders, followed by subsequently entered amended criminal judgments, revoking probation and resentencing case numbers 32-2023-CR-00110 ("CR110") and 32-2024-CR-00003 ("CR003"), consolidated on appeal. Miller argues the court erred by revoking probation without sufficient factual support to warrant revocation. Miller also argues the sentences imposed for two violations of a domestic violence protection order are illegal. We affirm in part, reverse in part, and remand for further proceedings.

I

[¶2]   In December 2023, the State charged Miller in CR110 with Count 1, class C felony aggravated assault; and Count 2, class C felony violation of a domestic violence protection order ("DVPO"), second or subsequent offense. In January 2024, Miller was charged in CR003 with a class C felony violation of a DVPO, second or subsequent offense. Miller initially pled not guilty in both cases.

[¶3]   At a June 2024 change of plea hearing addressing Miller's several criminal cases, the district court amended Count 2, violation of a DVPO, in CR110 on the record from a C felony to an A misdemeanor, first offense, because a prior violation of a DVPO charge was dismissed. Miller entered an Alford plea to the class C felony aggravated assault in CR110. Miller pled guilty to the amended A misdemeanor violation of a DVPO in CR110 and the C felony violation of a DVPO, second or subsequent offense, in CR003. Miller also pled guilty to other charges not at issue on appeal.

[¶4]   The district court orally sentenced Miller in CR110 on Count 1, aggravated assault, to five years with the Department of Corrections and Rehabilitation, with all but six months suspended, first to serve 30 days in custody, followed by electronic home monitoring; on Count 2, violation of a DVPO, to 360 days with all but six months suspended, first to serve 30 days in custody, followed by electronic home monitoring. On both counts, the court placed Miller on two years of supervised probation subject to terms and conditions. For the C felony

1

violation of a DVPO in CR003, the court orally sentenced Miller to five years, with all but six months suspended, first to serve 30 days in custody, followed by electronic home monitoring, and two years of supervised probation. All sentences in CR110 and CR003 were to run concurrently. The court entered a criminal judgment in CR110 which accurately reflected the orally-imposed sentence but classified Count 2 as a C felony, second or subsequent offense. The district court twice entered amended judgments in CR110—first on July 2, 2024, to clarify the details of Miller's probation, and again on September 13, 2024, to reflect a finding of Miller's contempt for violating the terms of his probation. Miller did not appeal from the criminal judgments.

[¶5] In February 2025, the State filed petitions for probation revocation in CR110 and CR003 alleging Miller failed to abide by the terms of his probation between October 2024 and February 2025. At a probation revocation hearing in April 2025, the State dismissed some allegations in its petition, and Miller admitted to all remaining probation violations alleged in both cases. Based on Miller's admissions, the district court orally found Miller violated the terms of probation in both cases and revoked Miller's probation. The court resentenced Miller on Count 1, aggravated assault, in CR110 to five years with the Department of Corrections and Rehabilitation with credit for 233 days previously served and an identical sentence in CR003, to run currently with CR110. The court did not specifically pronounce a new sentence on the record for Count 2, violation of a DVPO, in CR110. The court entered amended criminal judgments. The amended judgment in CR110 reflected a sentence for Count 2 identical to Count 1, and classified Count 2 as a class C felony, second or subsequent offense. Miller timely appealed the orders in both cases on May 9, 2025.

II

[¶6] Miller argues the district court abused its discretion by revoking probation without making adequate findings on whether revocation was warranted. At the probation revocation hearing, Miller requested to remain on probation with alternative sanctions. Miller argues the court must make findings on whether incarceration outweighs the policy favoring probation.

[¶7]    This Court uses a two-step analysis to review probation revocations. *State v. Hatzenbuehler*, 2023 ND 192, ¶ 6, 996 N.W.2d 649. First, we review the court's factual findings on whether the defendant violated probation conditions under a clearly erroneous standard. *State v. Jemal*, 2025 ND 167, ¶ 5. The State must prove probation violations by a preponderance of the evidence. *State v. Wetzel*, 2011 ND 218, ¶ 17, 806 N.W.2d 193. A district court's findings of fact are adequate if they provide an understanding of the factual basis used in reaching its determination. *Hatzenbuehler*, ¶ 6. "A finding of fact is clearly erroneous if, although there may be some evidence to support it, the reviewing court on the entire evidence, is left with a definite and firm conviction a mistake has been made." *Id*. Second, we review the court's decision to revoke probation under an abuse of discretion standard. *Id*. "A court abuses its discretion when it 'acts in an arbitrary, unreasonable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law.'" *Jemal*, ¶ 5 (quoting *State v. Jacobson*, 2008 ND 52, ¶ 8, 746 N.W.2d 405).

[¶8]    We recently reviewed a similar argument in *Jemal* where we stated:

> District courts possess broad discretion in sentencing decisions, and this Court's review is correspondingly limited. This Court reviews only whether the court imposed a sentence within the statutory range and whether the court relied on impermissible factors. The same deferential standard applies to both initial sentencing decisions and probation revocation decisions. Although the court must make findings of fact regarding the alleged violations, it need only state its reasons for revoking probation, either in a written order or on the record and reflected in the hearing transcript.

2025 ND 167, ¶ 6 (cleaned up). Under N.D.C.C. § 12.1-32-04, factors weighed in sentencing determinations include in relevant part:

> 1. The defendant's criminal conduct neither caused nor threatened serious harm to another person or his property.
> . . . .

3

7. The defendant has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial period of time before the commission of the present offense.

8. The defendant's conduct was the result of circumstances unlikely to recur.

9. The character, history, and attitudes of the defendant indicate that he is unlikely to commit another crime.

10. The defendant is particularly likely to respond affirmatively to probationary treatment.

Although entitled to consideration, these factors do not control the district court's discretion in a revocation proceeding and are not an exhaustive list of what a court may consider. *Hatzenbuehler*, 2023 ND 192, ¶ 10. A district court need not explicitly reference these factors. *Id*.

[¶9] At Miller's probation revocation hearing, the district court considered the culmination of recent charges and previous unsuccessful intermediary measures noting, "the track record is not promising." The court relied on Miller's repeated violations; new violations; danger to himself and others; and disobedience of his probation officer, multiple judges, and the intermediate measures already attempted. *See* N.D.C.C. § 12.1-32-04 (providing sentencing factors). Miller failed numerous breath tests in violation of the 24/7 sobriety program. Miller's probation officer testified that Miller became increasingly deceptive about his alcohol consumption. She further testified that Miller admitted his criminal conduct was a result of intoxication, he was not amenable to further treatment, and "there doesn't appear to be a deterrent for the drinking." Miller also failed to complete the anger management program required as a condition of his probation. Miller admitted to these alleged probation violations. Contrary to Miller's argument, a sentencing court is not required to explicitly make findings explaining its decision to reject alternatives to incarceration. *Black v. Romano*, 471 U.S. 606, 611 (1985); *Jemal*, 2025 ND 167, ¶ 9. Regardless, the court here found "incarceration outweighs the general need for probation in this particular matter."

[¶10] The district court's findings that Miller violated probationary terms are supported by the record and are not clearly erroneous. Likewise, the court did

4

not abuse its discretion in revoking probation and ordering incarceration. The court considered the statutory sentencing factors, and the record does not reveal a reliance on impermissible factors, which demonstrates the court applied a rational mental process to reach a reasoned determination. *See Jemal*, 2025 ND 167, ¶ 8. As noted in *Jemal*, a district court is not required to make separate factual findings at the second step of the revocation analysis. *Id.* ¶ 9. We conclude the district court did not err in revoking Miller's probation and did not abuse its discretion in ordering his incarceration.

III

[¶11]   Miller argues his sentences for violations of a DVPO in CR110 and CR003 are illegal because both charges should have been classified as class A misdemeanors. Because illegal sentence arguments were not raised below, Miller requests this Court to review for obvious error.

[¶12] "An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. 52(b). "Rule 52(b) provides a narrow exception to the rule that issues may not be raised for the first time on appeal, and we exercise the power to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice." *State v. Eckroth*, 2015 ND 40, ¶ 19, 858 N.W.2d 908 (quoting *State v. Tresenriter*, 2012 ND 240, ¶ 12, 823 N.W.2d 774). "[T]he defendant has the burden to demonstrate a plain error which affected his substantial rights." *Id.*

[¶13]   "The district court is allowed the widest range of discretion in criminal sentencing." *State v. Blue*, 2018 ND 171, ¶ 28, 915 N.W.2d 122. Appellate review of a sentence is generally confined to whether the court acted within statutory sentencing limits or substantially relied upon an impermissible factor. *Id*. We review sentences under an abuse of discretion standard. *State v. Nelson*, 2024 ND 55, ¶ 2, 5 N.W.3d 554. "[A] court abuses its discretion if it acts in an unreasonable, arbitrary, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned decision, or if it misinterprets or misapplies the law." *Id.*

[¶14]   A sentence is illegal if it is not authorized by the judgment of conviction. *State v. Gomez*, 2025 ND 60, ¶ 5, 18 N.W.3d 829. "Examples of illegal sentences include: a sentence in excess of a statutory provision or in some other way contrary to an applicable statute, a sentence which fails to conform to the oral pronouncement of the sentence, or a sentence which is ambiguous with respect to the time and manner in which it is to be served." *State v. Trieb*, 516 N.W.2d 287, 292 (N.D. 1994). "The sentencing court shall correct an illegal sentence at any time." N.D.R.Crim.P. 35(a)(1).

A

[¶15] Miller argues his sentence for Count 2 in CR110 is illegal because the district court amended the charge to an A misdemeanor on record at the change of plea hearing where he was originally sentenced, yet the court sentenced Count 2 as a C felony in the amended judgment.

[¶16] To the extent that Miller challenges the underlying conviction, he did not appeal from the original judgment or any of the amended judgments. A notice of appeal must designate the order or judgment being appealed. N.D.R.App.P. 3(c)(2). *See also Jemal*, 2025 ND 167, ¶ 10 (declining to address argument pertaining to underlying conviction when defendant did not appeal from judgment of conviction). However, the notice of appeal here generally preserves the argument that the sentence he received upon revocation of probation was illegal.

[¶17]   At the probation revocation hearing, the district court did not pronounce a specific sentence on the record regarding Count 2, violation of a DVPO, in CR110, yet the amended judgment reflects a sentence identical to that of Count 1, aggravated assault. We agree with Miller that the sentence for Count 2 is illegal. The sentence is inconsistent with the court's oral pronouncement at the revocation hearing where no sentence was orally pronounced on Count 2. The court obviously erred when it failed to orally sentence Count 2 in CR110, and the amended judgment reflects a sentence not pronounced.

[¶18] We reverse and remand CR110 for the district court to impose a sentence for Count 2.

B

[¶19] Miller also argues the sentence in CR003 is illegal. Miller argues the court erred by using Count 2 of CR110—a charge he contends was neither proven beyond a reasonable doubt nor constituted a "prior conviction" inducing enhancement under N.D.C.C. § 14-07.1-06—to enhance CR003 to a C felony. In essence, Miller challenges the validity of the conviction itself, arguing the sentence is illegal because the underlying conviction was improper.

[¶20] Miller did not appeal from the original judgment of conviction or raise this argument to the district court. "A party may not collaterally attack a final decision, that was not appealed, in subsequent proceedings." *State v. Koval*, 2022 ND 100, ¶ 7, 974 N.W.2d 384. Here, Miller attacks the underlying conviction itself, which constitutes a collateral attack on the original judgment. Generally, a defendant should move to correct an illegal sentence under N.D.R.Crim.P. 35; however, such motion would not be the proper avenue here, as Rule 35 cannot be used to attack an underlying conviction. *Keller v. State*, 2015 ND 228, ¶ 8, 869 N.W.2d 424. "The Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging a judgment of conviction or sentence." *State v. Eagleman*, 2024 ND 231, ¶ 6, 14 N.W.3d 912 (cleaned up); *see also* N.D.C.C. § 29-32.1-01(4) ("Except as otherwise provided in this chapter, a proceeding under [N.D.C.C. ch. 29-32.1] replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them."). Miller is free to pursue his remedies under the Uniform Postconviction Procedure Act. Accordingly, we decline to consider Miller's argument that the sentence in CR003 is illegal.

IV

[¶21] We affirm the district court's order revoking probation and imposing sentence in CR003. In CR110, we affirm the court's order to the extent it found Miller violated the terms of his probation, revoked his probation, and imposed a sentence for Count 1. We reverse and remand for the district court to impose a sentence for Count 2 in CR110 consistent with this opinion.

[¶22] Jon J. Jensen, C.J.

Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr