# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

_____

### 2025 ND 200

_____

State of North Dakota,                                    Plaintiff and Appellee

v.

Alfred John Lizotte,                                     Defendant and Appellant

_____

### No. 20250226

_____

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Per Curiam.

Logan J. Simons, Assistant State's Attorney, Minot, ND, for plaintiff and appellee; submitted on brief.

Kyle R. Craig, Minot, ND, for defendant and appellant; submitted on brief.

**Per Curiam.**

[¶1]   Alfred Lizotte appeals a district court order revoking his probation and resentencing him. Lizotte argues the court's findings are clearly erroneous and inadequate to support revocation. We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7).

[¶2]   Lizotte's underlying sentence included probation conditions that required he successfully complete a drug court program. The district court found Lizotte violated the terms of his probation because he was terminated from the drug court program. "[T]he State need show only a single violation to sustain revocation of probation." *State v. Hager*, 2010 ND 217, ¶ 8, 790 N.W.2d 745; *see State v. Hatzenbuehler*, 2023 ND 192, ¶ 6, 996 N.W.2d 649 ("Findings of fact are adequate if they provide this Court with an understanding of the district court's factual basis used in reaching its determination."). We conclude the district court's findings that Lizotte violated probation by failing to successfully compete the drug court program were not clearly erroneous.

[¶3]   Lizotte further argues that the district court abused its discretion by revoking probation without making any findings on the legitimacy of his drug court termination. The court is not required to make findings at the second step of the revocation analysis, and may rely on its step-one findings regarding probation violations when deciding whether revocation is warranted. *State v. Jemal*, 2025 ND 167, ¶ 9, 26 N.W.3d 667. We conclude the district court did not abuse its discretion in revoking probation and resentencing Lizotte.

[¶4]   We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7).

[¶5]   Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr