# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2026 ND 30

State of North Dakota,

Plaintiff and Appellee

v.

Alex Kenny Eggleston,

Defendant and Appellant

### No. 20250292

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Justice.

Shaun H. Peterson (argued) and Gabrielle J. Goter (appeared), Assistant State's Attorneys, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Justice.**

[¶1]   Alex Kenny Eggleston appeals from a criminal judgment convicting him of two counts of knowingly causing bodily fluids to come in contact with an employee of a correctional facility in violation of N.D.C.C. § 12.1-17-11(1)(b). He challenges the district court's refusal to dismiss the charges against him, arguing he was prejudiced by pre-indictment delay and the State's failure to preserve evidence. We affirm.

I

[¶2]   Eggleston is an inmate serving a life sentence at the North Dakota State Penitentiary. *See State v. Eggleston*, 2020 ND 68, 940 N.W.2d 645. On October 10, 2021, Eggleston sprayed a Sergeant employed by the Department of Corrections and Rehabilitation with a liquid mixture of feces and urine from a small shampoo bottle through the tray slot in his cell door. The liquid mixture also came into contact with a second officer when he tried to intervene. A couple days after the incident, Eggleston apologized to the second officer, admitting he intended to hit the Sergeant with the spray of liquid.

[¶3]   As part of the investigation, the State took photos of where the spray came into contact with the two officers. The camera monitoring Eggleston's cell block also captured a video recording of the incident, which was reviewed by a third officer before the video system automatically overwrote the recording after 60 days had passed.

[¶4]   The State did not bring charges against Eggleston until almost two years later on September 20, 2023, but still within the statute of limitation for such charges. *See* N.D.C.C. § 29-04-02. Eggleston filed a motion to dismiss the charges arguing the pre-indictment delay prejudiced him, claiming he no longer had an independent recollection of the incident, and the State failed to preserve the video recording of the incident. After his first attorney withdrew, his second counsel renewed the motion to dismiss, admitting "we honestly don't know if the video was inculpatory or exculpatory" but arguing "the possibility of it being

exculpatory" should be enough to show Eggleston was prejudiced. The district court denied both motions, explaining that Eggleston failed to show actual prejudice due to the pre-indictment delay and failure to preserve evidence.

[¶5] At trial, the State introduced testimony from the Sergeant and the second officer describing the incident, the photos showing where the liquid mixture of feces and urine contacted both officers, and testimony from the third officer describing what was depicted in the video recording he had reviewed (which was consistent with the testimony of the other two officers). The second officer's testimony included Eggleston's apology and the admission that he intended to spray the Sergeant. The jury convicted Eggleston on both counts of knowingly causing bodily fluids to come in contact with an employee of a correctional facility in violation of N.D.C.C. § 12.1-17-11(1)(b). The district court sentenced Eggleston to two terms of five years to be served consecutively to each other as well as consecutive to the life sentence he was currently serving.

II

[¶6] We review the denial of a motion to dismiss under the same standard we use to review a motion to suppress evidence. *State v. Reiswig*, 2024 ND 153, ¶ 7, 10 N.W.3d 587. Questions of law are fully reviewable under that standard. *State v. Kukert*, 2021 ND 192, ¶ 10, 965 N.W.2d 849. "Our review is limited to only those issues raised in the district court." *Reiswig*, ¶ 7 (quoting *State v. Nice*, 2019 ND 73, ¶ 5, 924 N.W.2d 102). In *Reiswig*, we noted the following:

> On appeal, a district court's decision on a motion to suppress will not be reversed if, after conflicting testimony is resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the court's findings, and the decision is not contrary to the manifest weight of the evidence. We recognize the importance of the district court's opportunity to observe the witnesses and assess their credibility, and we accord great deference to its decision in suppression matters. Questions of law are fully reviewable on appeal, and whether a finding of fact meets a legal standard is a question of law.

*Id.* (quoting *Kukert*, ¶ 10).

[¶7]   To establish a due process violation based on pre-indictment delay, a defendant must show proof of actual prejudice. *State v. Kraft*, 539 N.W.2d 56, 58 (N.D. 1995). Similarly, actual prejudice must be shown to establish a claim based upon the State's failure to preserve evidence, which requires a defendant to show in part "that lost evidence or testimony would have been helpful to his defense . . . ." *City of Fargo v. Thompson*, 520 N.W.2d 578, 580 (N.D. 1994) (cleaned up). Mere speculation about whether unpreserved evidence might have been exculpatory, or might have been inculpatory, is not enough to show actual prejudice. *State v. Steffes*, 500 N.W.2d 608, 613 (N.D. 1993).

[¶8]   In addition, when the State fails to preserve evidence that was at one point within the State's possession, a defendant must present evidence of bad faith, meaning the State "deliberately destroyed the evidence with the intent to deprive the defense of information[.]" *Steffes*, 500 N.W.2d at 613.

[¶9]   Eggleston did not present any proof that the video recording would have been exculpatory; he merely speculates that it might have been. That is not enough to show actual prejudice. In addition, he did not present any evidence that the video recording was destroyed in bad faith. The district court did not err when it denied Eggleston's motions to dismiss.

III

[¶10] Eggleston also argues the district court abused its discretion when it permitted the State to use the slang term "shit bomb" at trial to describe the liquid mixture of feces and urine. Reviewing for abuse of discretion, *see, e.g., State v. Ritter*, 2024 ND 142, ¶ 11, 10 N.W.3d 119, we find no abuse of discretion and summarily affirm this issue under N.D.R.App.P. 35.1(a)(4).

IV

[¶11] We affirm the judgment of conviction.

[¶12] Lisa Fair McEvers, C.J.
    Jerod E. Tufte
    Jon J. Jensen

Douglas A. Bahr

Gail Hagerty, S.J.

[¶13] The Honorable Gail Hagerty, Surrogate Judge, sitting in place of Crothers, J., disqualified.